The Honorable Tiffany M. Cartwright

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | | |
|---|---|---|
| JACE HOAG, on behalf of herself and all others similarly situated, | ) ) ) | Case No. 3:26-cv-05246-TMC |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | DEFENDANT PACIFICA BEAUTY, LLC'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT |
| PACIFICA BEAUTY, LLC | ) ) | |
| Defendant. | ) ) ) ) | NOTE ON MOTION CALENDAR: June 17, 2026 |

Defendant's Motion to Dismiss First
Amended Class Action Complaint
Case No. 3:26-cv-05246-TMC

Sidley Austin LLP
8426 316th Pl SE
Issaquah, WA 98027
415.439.1799

## I.  INTRODUCTION

Pacifica Beauty LLC sells beauty and skincare products, which it advertises via email. Plaintiff Jace Hoag seeks to represent a class of email recipients based on her disagreement with Pacifica's statement in the subject line of two emails: that certain sales would "end soon."  Plaintiff does not allege that the emails were unsolicited spam, that she bought any product in reliance on the emails (or at all), or that she otherwise suffered harm.  She complains instead that such emails generally convey a sense of "false urgency" and can clutter up in-boxes and waste consumers' time. She does not claim that any of that happened *to her*.

Plaintiff's allegations are insufficient to state a claim.  Plaintiff does not plausibly allege that she received any false or misleading email.  She claims that the words "ends soon"—which appear in the subject line of emails dated July 6 and November 30, 2025—were false because Pacifica later extended the sale periods at issue.  But a later extension does not retroactively render the general reference to "soon" false when made.  "Ends soon" does not mean "ends tomorrow" or any other specific time.  That is fatal to her claims.

Plaintiff seeks to address this shortfall in two ways, but neither is sufficient.

First, Plaintiff says that Pacifica sent numerous emails *other* than the two she received, and that these other emails included words like "last day," "ends tomorrow," or "final hours" in the subject line.  But Plaintiff *does not claim to have received* any of these emails.  Emails purportedly sent to unidentified other people cannot save *her* claim.

Second, Plaintiff claims that Pacifica "always planned" to extend the deadline.  But that does not convert "soon" into a term of specific duration.  In addition, Plaintiff's "always planned" allegation is impermissibly conclusory.

These defects dispose of Plaintiff's two claims.  Plaintiff asserts her first claim under the Commercial Electronic Mail Act (CEMA).  The lynchpin of that statute is a "false or misleading" statement in the subject line of an email, and Plaintiff has identified no such statement.  Plaintiff asserts her second claim under Washington's Consumer Protection Act (CPA).  That claim fails because it depends on a violation of CEMA, which Plaintiff cannot show.

| Defendant's Motion to Dismiss First Amended Class Action Complaint Case No. 3:26-cv-05246-TMC | -1- | Sidley Austin LLP 8426 316th Pl SE Issaquah, WA 98027 415.439.1799 |

The Court should dismiss the First Amended Complaint without leave to amend in its entirety under Rule 12(b)(6).

## II.    STATEMENT OF FACTS

Pacifica is a skincare and beauty brand.  ECF No. 20 (FAC) ¶ 40.  Plaintiff claims that Pacifica sent Washington consumers marketing emails with subject lines that created "false urgency" about sales or promotions.  *Id.* ¶¶ 42-95.  Pacifica purportedly sent those emails between 2022 and 2025. *Id.*

Plaintiff herself, however, only alleges she received two emails, dated July 6, 2025, and November 30, 2025.  *Id.* ¶¶ 106-108.  According to the First Amended Complaint,

- the subject line of the July 6 email was "last chance to save! friends + fam deal ends soon," and
- the subject line of the November 30 email was "Last Chance to Glow Up: 35% OFF SITEWIDE Ends Soon."

*Id.*  Plaintiff claims these subject lines were false or misleading in light of subsequent emails—sent on July 7 and December 2—stating that the sales periods had been extended.  *Id.* ¶¶ 89-91, 93-94.

Based on these allegations, Plaintiff asserts generalized harms: wasted time, inbox clutter, and distorted consumer decision-making.  According to Plaintiff, "false urgency wastes consumers' time by enticing them to engage with Pacifica's marketing," "steer[s] consumers away from shopping for better deals," and "manipulatively distort[s] their decision-making."  *Id.* ¶¶ 5-6, 36-38,106-110.  But Plaintiff does not claim that she herself suffered any of these harms—that she was "enticed" by Pacifica's emails, or suffered from distorted decision-making, or was steered away from competitors.  Nor does she allege that she ever bought Pacifica's products.

Plaintiff nevertheless asserts claims under CEMA and the CPA.  She seeks to represent a class of all Washington citizens who received certain Pacifica promotional emails.  *Id.* ¶¶ 111, 122-138.  Plaintiff seeks statutory damages, treble damages under the CPA, fees, and injunctive relief. *Id.* ¶ 138.

Plaintiff is now on her second complaint.  Plaintiff filed her original complaint in Thurston County Superior Court on February 2, 2026 and served it on February 10.  Pacifica timely removed the action to this Court on March 12.  On April 15, 2026, Pacifica moved to dismiss the original

| Defendant's Motion to Dismiss First | -2- | Sidley Austin LLP |
| Amended Class Action Complaint | | 8426 316th Pl SE |
| Case No. 3:26-cv-05246-TMC | | Issaquah, WA 98027 |
| | | 415.439.1799 |

complaint, based on Plaintiff's failure to allege receipt of any email with a subject line stating that a sale would end on a date certain. Rather than opposing Pacifica's motion, Plaintiff amended her complaint. But her amendments do not cure the complaint's fundamental defects. Once again, Plaintiff alleges only that *other* people may have received emails specifying the end date of a sale.

## III.    LEGAL STANDARDS

### A.    CEMA and the CPA

Washington's Legislature enacted CEMA in 1998. The statute addresses a technology landscape very different from today's. The Legislature passed CEMA "during the Internet's dial-up era, to address an increasing number of consumer complaints about commercial electronic mail." *Brown v. Old Navy, LLC*, 4 Wn.3d 580, 583 (2025) (internal quotation marks and citation omitted). At that time, Internet access was "comparatively slow and expensive," and consumers "often paid for access by the minute or hour." *Id.* (internal quotation marks and citations omitted). The Legislature was therefore "concerned about the added cost consumers faced when a barrage of commercial e-mails meant that they paid internet providers for time spent sifting through in-boxes cluttered by spam." *Id.* (citation omitted).

Against that backdrop, CEMA prohibits sending commercial e-mails that "contain[] false or misleading information in the subject line." RCW 19.190.030(1)(b). "A violation of CEMA's e-mail regulations is a per se violation of the [CPA]." *Brown*, 4 Wn.3d at 584 (citing RCW 19.190.030(1)).

The Supreme Court's *Brown* decision resolved a dispute about CEMA's scope. The court held that CEMA "prohibits the use of *any* false or misleading information in the subject line of a commercial e-mail"—not just false or misleading information purportedly disguising "the commercial nature of the message." *Id.* at 582, 594 (emphasis added). That decision—issued last year—has triggered a wave of litigation. "In the wake of *Brown*, numerous class actions were filed in [Washington] state court and removed to this District," *i.e.*, the Western District of Washington. *Kempf v. Fullbeauty Brands Operations, LLC*, No. C25-1141 TSZ, 2026 WL 395677, at *1 (W.D. Wash. Feb. 12, 2026).

| Defendant's Motion to Dismiss First<br>Amended Class Action Complaint<br>Case No. 3:26-cv-05246-TMC | -3- | Sidley Austin LLP<br>8426 316th Pl SE<br>Issaquah, WA 98027<br>415.439.1799 |
|---|---|---|

Far from welcoming this new wave of litigation under its 1998 statute, the Legislature has taken steps to curb it. Earlier this year, the Legislature amended CEMA by (1) decreasing recoverable damages, and (2) making defendant's knowledge of falsity an element of the claim. Engrossed Substitute H.B. 2274, ch. 135, 2026 Wash. Sess. Laws. The amendment is set to take effect on June 11, 2026. *Id.* Its purpose is to stem the unwelcome tide of litigation *Brown* has created. House Committee on Consumer Protection & Business, House Bill Report, HB 2274, at 3 ("[D]ozens of lawsuits have been filed alleging technical violations based solely on the wording of subject lines, even where consumers were not misled, harmed, or even aware of the emails.").

## B.    Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 556). "[T]hreadbare recitals of the elements of a cause of action," "conclusory allegations of law," and "unwarranted inferences are insufficient." *Dahlstrom v. Life Care Centers of Am., Inc.*, No. 2:21-cv-01465-JHC, 2023 WL 4893491, at *3 (W.D. Wash. Aug. 1, 2023) (citations omitted).

## IV.    ARGUMENT

### A.    Plaintiff cannot state a claim under CEMA because she fails to identify a false or misleading statement

Plaintiff's claim depends entirely on the words "ends soon." FAC ¶¶ 107-109. She claims these words were false or misleading because Pacifica extended the sale periods the day after sending the emails. But that would show falsity only if "soon" means "before tomorrow"—and it plainly does not. "Ends soon" does not communicate a specific deadline, and the extension of a sale period does not contradict the statement that a sale will "end[] soon."

Plaintiff also claims that Pacifica used the word "tomorrow" in the subject line of *other* emails. *E.g.*, *id.* ¶¶ 66, 80. But critically, she does not say that *she* received any such emails. This

Defendant's Motion to Dismiss First
Amended Class Action Complaint
Case No. 3:26-cv-05246-TMC

-4-

Sidley Austin LLP
8426 316th Pl SE
Issaquah, WA 98027
415.439.1799

case is therefore critically distinguishable from those in which CEMA plaintiffs received emails with defined terms of duration in the subject line.  *E.g.*, *Harrington v. Vineyard Vines, LLC*, 813 F. Supp. 3d 1218, 1221 (W.D. Wash. 2025); *Kempf*, 2026 WL 395677, at *4.

At one point, Plaintiff seeks to equate "soon" to "tomorrow" by improperly quoting the body of an email, which contains a reference to a midnight deadline.  FAC ¶ 92; *see also id.* ¶¶ 47, 52, 57, 66, 74.  But "CEMA does not regulate the body of the e-mail, only the subject line." *Brown*, 4 Wn.3d at 589 (internal quotation mark and citation omitted).  The body of the email is firmly outside CEMA's scope.  Under the statute, courts evaluate "the subject line alone." *Id.*

Plaintiff fails to allege falsity for a second and independent reason.  *Brown* expressly cautions that promotional emails do not "retroactively become[] false (and actionable)" under CEMA simply because circumstances later change.  4 Wn.3d at 595.  But Plaintiff's claim necessarily depends on retroactivity.  The purported falsehood in the challenged statements inheres in an action Pacifica took only after making those statements.  If that theory of falsity were accepted, the consequences would be devastating.  Any decision by a company to continue or renew a promotion—generally *pro*-consumer acts—would retroactively transform an earlier statement in the subject line of an email into a misrepresentation and a CEMA violation.  CEMA does not go that far, and *Brown* confirms that it does not.

Apparently recognizing the retroactivity problem, Plaintiff alleges that Pacifica "always planned" to extend the deadlines.  FAC ¶¶ 77, 83, 86, 89-93.  But that allegation is entirely conclusory.  Plaintiff does not plead a single fact to support her pre-planning allegation.  Under controlling law, she must plead facts, not speculation or labels.  *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

**B.      Without a violation of CEMA Plaintiff cannot state a claim under the CPA**

Plaintiff's CPA claim depends on the alleged violation of CEMA.  FAC ¶¶ 129-138.  Without a CEMA violation, the CPA claim fails.  *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1065 (9th Cir. 2009) (when CEMA theories "fail as a matter of law," CPA theories grounded in them are "likewise inadequate"); *Taie v. Ten Bridges LLC*, 704 F. Supp. 3d 1147, 1154-55 (W.D. Wash.

Defendant's Motion to Dismiss First
Amended Class Action Complaint
Case No. 3:26-cv-05246-TMC

-5-

Sidley Austin LLP
8426 316th Pl SE
Issaquah, WA 98027
415.439.1799

2023) (dismissing CPA claim where underlying statutory claim failed).   The Court should accordingly dismiss the CPA claim.

## V.   CONCLUSION

For the reasons set forth above, the Court should dismiss the First Amended Complaint in its entirety.  And because Plaintiff has already tried and failed to cure the defect in her claims, *supra* at Section II, the Court should dismiss without leave to amend.

DATED:  May 20, 2026

Respectfully submitted,

Sidley Austin LLP

By: s/ *Robin E. Wechkin*
    Robin E. Wechkin, WSBA No. 24746
    rwechkin@sidley.com
    Sidley Austin LLP
    8426 316th Pl SE
    Issaquah, WA 98027
    Telephone: (415) 439-1799

*Attorney for Defendant Pacifica Beauty, LLC*

Defendant's Motion to Dismiss First
Amended Class Action Complaint
Case No. 3:26-cv-05246-TMC

-6-

Sidley Austin LLP
8426 316th Pl SE
Issaquah, WA 98027
415.439.1799

## <u>CERTIFICATE OF WORD COUNT</u>

I certify that this motion contains 1,894 words, in compliance with the Local Civil Rules.

Dated: May 20, 2026                    By: s/ *Robin E. Wechkin*

                                                     Robin E. Wechkin

---

Certificate of Word Count
Case No. 3:26-cv-05246-TMC

Sidley Austin LLP
8426 316th Pl SE
Issaquah, WA 98027
415.439.1799