UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JACE HOAG, on her own behalf and on behalf of others similarly situated,<br>Plaintiff,<br>v.<br>PACIFICA BEAUTY, LLC,<br>Defendant. | Case No. 3:26-cv-05246-TMC<br>ORDER REMANDING CASE |

## I. INTRODUCTION AND BACKGROUND

This case is a proposed class action against Pacifica Beauty, LLC ("Pacifica") for allegedly sending false and misleading emails in violation of Washington's Commercial Electronic Mail Act ("CEMA"), RCW 19.190, and Washington's Consumer Protection Act ("CPA"), RCW 19.86. *See* Dkt. 20. Plaintiff Jace Hoag alleges that Pacifica "has bombarded" her and other Washington consumers "with commercial emails whose subject lines contain false or misleading statements in violation of her right to be free from such annoyance and harassment under CEMA." *Id.* ¶ 105; *see also id.* ¶ 4. She describes a "deceptive" marketing scheme whereby Pacifica sends emails announcing time-limited sales and promotions that are later

extended. *Id.* ¶¶ 41–95. She specifically points to two emails she received from Pacifica in 2025, each of which she alleges contained a "false or misleading" subject line. *Id.* ¶¶ 105–10.

On February 2, 2026, Hoag filed a putative class complaint against Pacifica in Thurston County Superior Court. Dkt. 1-1. On March 12, Pacifica removed the case to federal court based on traditional diversity jurisdiction (Dkt. 1), and on April 15, it moved to dismiss (Dkt. 19). On May 6, Hoag filed an amended complaint, mooting the pending motion to dismiss. Dkts. 20, 23. Two weeks later, Pacifica moved to dismiss the amended complaint, arguing that Hoag has failed to state a claim under either CEMA or the CPA. Dkt. 21. After reviewing the amended complaint, the Court determined that "it is not apparent that Hoag has alleged an Article III as opposed to merely a statutory injury" and ordered Pacifica to show cause why this case should not be remanded to Thurston County Superior Court for lack of standing. Dkt. 36 at 4. On September 22, Pacifica responded to the show cause order. Dkt. 37.

The Court concludes that Hoag lacks Article III standing and REMANDS this case to Thurston County Superior Court.

## II. LEGAL STANDARD

Both the Supreme Court and the Ninth Circuit "have held that whether or not the parties raise the issue, federal courts are required sua sponte to examine jurisdictional issues such as standing." *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008) (internal quotation marks, alteration, and emphasis omitted) (quoting *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002)). Removal of a civil action to federal district court is proper when the federal court would have original jurisdiction over the state court action. 28 U.S.C. § 1441(a). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042

(9th Cir. 2009) (internal quotation marks omitted) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).

Moreover, as the party invoking federal jurisdiction, Pacifica bears the burden of establishing the existence of a case or controversy under Article III. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *see also Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1099 (9th Cir. 2022). "To establish Article III standing, an injury must be 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010)). "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). For an injury in fact to exist, a statutory violation must have "caused [a plaintiff] to suffer some harm that 'actually exist[s]' in the world; there must be an injury that is 'real' and not 'abstract' or merely 'procedural.'" *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1112 (9th Cir. 2017) (second alteration in original) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. at 340–41). "[A] plaintiff does not 'automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *Id.* (alteration in original) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. at 341). Furthermore, "standing is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek (for example, injunctive relief and damages)." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021).

## III. DISCUSSION

Pacifica argues that the Court should not remand this case because Hoag possesses Article III standing to pursue both damages and injunctive relief. Dkt. 37 at 2–4. In the alternative, it asks the Court to stay this case pending the Ninth Circuit's resolution of *Montes v.*

*Penney OpCo, LLC*, No. 26-241, which concerns a similar legal question. *Id.* at 4–6; *see Montes v. Catalyst Brands LLC*, No. 2:25-CV-0281-TOR, 2025 WL 3485827, at *2 (E.D. Wash. Dec. 4, 2025) (concluding that the receipt of emails allegedly in violation of CEMA and the CPA is not an injury-in-fact for the purposes of Article III standing). The Court addresses each of these arguments in turn.

**A. Hoag lacks Article III standing.**

The Washington Supreme Court recently held that "CEMA does not require a showing of injury for statutory damages to be awarded because the injury is receiving the e-mail that violates CEMA." *Brown v. Old Navy, LLC*, 4 Wn.3d 580, 592, 567 P.3d 38 (2025). But the legislature's creation of a statutory injury does not automatically confer Article III standing. *TransUnion*, 594 U.S. at 426–27. Instead, "[o]nly those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *Id.* at 427. In other words, for this Court to have either original or removal jurisdiction, a CEMA plaintiff must have alleged that she has "suffered a harm that has traditionally been actionable in our nation's legal system." *Popa v. Microsoft Corp.*, 153 F.4th 784, 791 (9th Cir. 2025).

In *Samaduroff v. David Peyser Sportswear, Inc.*, this Court held that "the mere receipt of alleged misleading or false marketing email subject lines, absent any allegation of economic loss, detrimental reliance, or any comparable injury, does not constitute a concrete harm sufficient to establish Article III injury." No. 3:26-CV-05275-TMC, 2026 WL 2675977, at *2 (W.D. Wash. Sept. 11, 2026) (quoting *Stutsman v. Sirius XM Radio LLC*, No. 2:25-CV-01113-LK, 2026 WL 2445129, at *4 (W.D. Wash. Aug. 20, 2026)). While the Court acknowledges the contrary decisions cited by Pacifica, *see* Dkt. 37 at 3, the facts of this case give the Court no reason to depart from its holding in *Samaduroff*.

Pacifica argues that Hoag has alleged a concrete injury sufficient for Article III standing because she claims to have received emails that "annoy[ed] and harass[ed]" her, and she does not expressly state that she consented to these emails. *Id.* at 3–4. But as Pacifica itself acknowledges, Hoag also does not allege that any email she received from Pacifica was unsolicited. *Id.* at 3; *see* Dkt. 20 ¶¶ 105–10. Nor does the amended complaint contain any allegation that Hoag made a purchase from Pacifica in reliance on a false or misleading email subject line, or that she faces a risk of doing so in the future. To the extent there is any ambiguity in the amended complaint, the Court must resolve it in favor of a remand. *Hunter*, 582 F.3d at 1042.

With these circumstances in mind, Hoag lacks standing to pursue either damages or injunctive relief. First, "in a suit for damages, the mere risk of future harm, standing alone, cannot qualify as a concrete harm." *TransUnion*, 594 U.S. at 436. Hoag alleges no "economic loss, detrimental reliance, or any comparable injury" arising from the emails she received, foreclosing her ability to seek damages for Pacifica's alleged conduct. *Samaduroff*, 2026 WL 2675977, at *2 (quoting *Stutsman*, 2026 WL 2445129, at *4). Second, while "a person exposed to a risk of future harm may pursue forward-looking, injunctive relief to prevent the harm from occurring," that risk must be "sufficiently imminent and substantial." *TransUnion*, 594 U.S. at 435. Citing *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018), Pacifica argues that Hoag may seek injunctive relief because she faces a "threatened injury that is certainly impending." Dkt. 37 at 4 n.2 (quoting *Davidson*, 889 F.3d at 972). In *Davidson*, the Ninth Circuit held "that a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase." 889 F.3d at 969. To distinguish its holding from contrary decisions in other circuits, the court emphasized that the plaintiff had alleged an "intention to repurchase the product at issue." *Id.* at 969 n.5. Here, as stated above, Hoag claims

no such intention. And although she claims to have previously received false or misleading emails from Pacifica, "[k]nowledge that the advertisement or label was false in the past does not equate to knowledge that it will remain false in the future." *Id.* at 969.

Pacifica points to the amended complaint's vague allegation that the company "bombards Washington consumers, including [Hoag], with commercial emails" to argue that the challenged conduct is ongoing. Dkt. 37 at 4 n.2 (quoting Dkt. 20 ¶ 4). But even assuming that the emails will continue, Hoag does not allege that they will affect her purchasing habits in any way. *See Davidson*, 889 F.3d at 969–70 (explaining that threats of future harm from false advertising may include plausible allegations that a consumer "will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to" or "that she might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved"). In short, no allegations of *imminent* risk are present in Hoag's amended complaint. Injunctive relief is thus unavailable.

**B. The Court declines to stay this case pending the outcome of *Montes v. PenneyOpCo, LLC*.**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). To that end, a district court has discretion to grant or deny a request for a stay. *Nken v. Holder*, 556 U.S. 418, 433 (2009). As the party requesting a stay, Pacifica "bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433–34. In determining whether to issue a stay, a court should consider four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay;

> (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1989)).

For the reasons expressed above, Pacifica has not made a strong showing that the *Montes* case is likely to result in a decision favorable to Pacifica on the question of Article III standing. Taken together, the remaining factors also weigh against issuing a stay in this instance. Pacifica alleges no harm, irreparable or otherwise, that it may face from the imposition of a stay. *See* Dkt. 37 at 5–6. To the extent that the public—a purported class of Washington consumers—is implicated in this case, it serves the public interest for this case to be litigated sooner rather than later. And although there is no evidence that Hoag would be "substantially injure[d]" by a stay, Pacifica does not proffer sufficient reason to postpone the resolution of her claims. While Pacifica argues that the Court would benefit from the Ninth Circuit's guidance on this question, *id.* at 6, the same is true of the hundreds of other matters pending before the appeals court at any given time. To delay this case for an indeterminate amount of time while awaiting the outcome of an appeal in a separate matter would not be economical for the Court, for counsel, or for litigants.

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. The above-captioned case is REMANDED to the Thurston County Superior Court.
2. The pending motion to dismiss (Dkt. 21) is DENIED as moot.
3. The Clerk shall mail a certified copy of this Order to the Clerk of Court for the Thurston County Superior Court.

4. The Clerk shall transmit the record herein to the Clerk of Court for the Thurston County Superior Court.

5. The Clerk shall close this case.

Dated this 8th day of October, 2026.

Tiffany M. Cartwright
United States District Judge